IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BONAFACIO MERINO-APOLINAR                     2:13-cv-01751-MA

               Petitioner,            OPINION AND ORDER

     v.

JERI TAYLOR, Superintendent,
Two Rivers Correctional
Institution,

              Respondent.


LISA C. HAY
Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

     Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
KRISTEN E. BOYD
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096

     Attorneys for Respondent

MARSH, Judge


1 - OPINION AND ORDER

Petitioner, an inmate at Two Rivers Correctional Institution, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, petitioner's habeas petition is denied.

## BACKGROUND

On August 26, 1991, petitioner killed Janet Unruh, a mentally disabled woman living in a group home. TR at 531-32 & 551-52. The victim's body was discovered by her caretaker the next morning. *Id.* at 101. The victim was in a fetal position, and had been severely beaten, raped, and sodomized. *Id.* at 111, 119, 153, & 378-83. The state medical examiner determined that the victim died from asphyxiation, and multiple blunt-force blows to her head. *Id.* at 388. Although police discovered a pubic hair on the victim's comforter, and obtained sperm cells from vaginal and rectal swabs taken from the victim, they were unable to identify the assailant. *Id.* at 164 & 270.

In 2000, using new DNA testing procedures and evidence obtained as a result of petitioner's 1995 conviction for Sexual Abuse, law enforcement determined that the identification evidence collected at the crime scene matched petitioner's DNA. *Id.* at 328, 352, & 533. Petitioner was taken into custody approximately five years later. *Id.* at 430-35. Petitioner eventually confessed to

*assaulting* the victim, explaining that he broke into her home to steal her television. *Id.* at 430-35, 486, 531-32 & 551.

On September 12, 2007, a jury convicted petitioner of five counts of Aggravated Murder. Resp. Exhs. 101 & 109. In the penalty phase of the case, the jury decided that petitioner should be sentenced to life imprisonment, without the possibility of parole. Resp. Exh. 110.

Petitioner did not challenge his aggravated murder convictions on appeal, but sought state post-conviction relief (PCR) on the basis that he received ineffective assistance of counsel. Resp. Exh. 107 at 3-4. The PCR court denied relief, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *Merino-Apolinar v. Franke*, 254 Or. App. 757, 297 P.3d 35, *rev. denied*, 300 P.3d 1222 (2013). In the instant proceeding, petitioner again alleges that defense counsel rendered ineffective assistance of counsel.

## DISCUSSION

I.  **No Cognizable Federal Claim (Ground One)**

In his first ground for relief, petitioner alleges no federal constitutional claim. Instead, petitioner simply states that "[d]ue to the loss of his direct appeal paperwork and his Trique language, [he] cannot present those claims at this time." Petition (ECF No. 2) at 6. Additionally, petitioner "asks leave to later amend his

Writ of Habeas Corpus to include those issues presented on the direct appeal." *Id.* at 7.

In his supporting brief, counsel for petitioner does not move to amend the petition to add grounds for relief, nor does he provide argument in support of this ground for relief. Moreover, the only issue raised by petitioner on direct appeal challenged his conviction for failing to register as a sex offender (a conviction obtained in a separate case which was consolidated on appeal). That conviction was reversed by the Court of Appeals and remanded with instructions to enter a judgment of acquittal. Resp. Exh. 105. Hence, there is no basis for attacking that conviction in the instant proceeding.

In sum, because petitioner fails to raise any cognizable federal claim, habeas relief is not warranted. *See* 28 U.S.C. § 2254(a); *see also* Rule 2(c) of the Rules Governing Section 2254 Cases in the U.S. District Courts (requiring all grounds for relief to be set out in the petition).

## II.  **Procedural Default (Ground Two)**

It is well settled that before seeking federal habeas corpus relief, a state prisoner must exhaust his available state remedies by "fairly presenting" his federal claims to the appropriate state courts. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese,* 541 U.S. 27, 29 (2004). Exhaustion is satisfied if petitioner invokes "one complete

round" of the State's established appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "A federal claim is 'fairly presented' to the state courts if it was presented (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan,* 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted). "Ordinarily a state prisoner does not "fairly present" a federal constitutional claim to a state's highest court if that court must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim." *Baldwin*, 541 U.S. at 32.

When a state prisoner fails to fairly present his federal claims in state court, and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1 (1991); *Casey v. Moore,* 386 F.3d 896, 920 (9th Cir. 2004); *Cook v. Schriro*, 538 F.3d 1000, 1025 (9th Cir. 2008). Habeas review of procedurally defaulted claims is precluded absent a showing of cause and prejudice, or that failure to consider the federal claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

In Ground for Relief Two, petitioner alleges that trial counsel was ineffective for failing to obtain a "low" Trique

interpreter.[1] Respondent argues that this claim is procedurally defaulted because it was not fairly presented to Oregon's appellate courts, and cannot now be raised to Oregon's highest court. I agree.

Petitioner raised this ineffective assistance of counsel claim in his formal petition to the PCR trial court. Resp. Exh. 107 at 3. The PCR court denied relief, and petitioner appealed. Resp. Exhs. 118 & 119. Petitioner's appellate attorney filed a *Balfour* Brief, after concluding that there were no non-frivolous issues for appeal. Resp. Exh. 119 at 2.[2] Petitioner filed a Section B to the *Balfour* brief, assigning error to the **trial court's** failure to provide a Trique interpreter at both trial and sentencing (but not assigning error to the performance of defense counsel):

> The defendant in a criminal proceeding has a right to have an interpreter at trial. The right to understand proceedings is a due process right, under the United States' Constitution . . . The *trial court* did not provide the defendant any interpretation at sentencing,

---

[1] At trial, petitioner testified that Trique "is spoken differently in different tribes, but it's the same language." TR. at 514. In his appellate brief, petitioner refers to "low" Trique as a different dialect of Trique. *See* Resp. Exh. 119, Section B.

[2] The *Balfour* procedure provides that counsel need not withdraw when faced with only frivolous issues for appeal. Rather, the attorney files a section A to the appellate brief containing a statement of the case sufficient to "apprise the appellate court of the jurisdictional basis for the appeal." The petitioner may then file a section B containing any assignments of error. *State v. Balfour*, 311 Or. 434, 451-52, 814 P.2d 1069 (1991).

and throughout the trial the Trique interpreter spoke a
different dialect, and appellant could not understand the
interpretation.

Resp. Exh. 119, Section B, pp. 1-2 (emphasis added).

Because petitioner did not assign as error on appeal that
defense counsel was ineffective in failing to obtain a "low" Trique
interpreter, he failed to exhaust his available state remedies.
Although he raised the claim in his formal petition for post-
conviction relief, he abandoned the claim on appeal to the Oregon
Court of Appeals and Supreme Court. *Compare* Resp. Exh. 107 at 3,
*with* Resp. Exhs. 119 Section B, pp. 1-2 & 122. Accordingly,
petitioner's ground two is procedurally defaulted because it was
not fairly presented on appeal, and the time for doing so has now
expired. *See* ORS § 138.650.

Relying on *Sandgathe v. Maass,* 314 F.3d 371 (9th Cir. 2002),
petitioner argues that he exhausted ground two because the Oregon
Court of Appeals' affirmance of the PCR trial court decision,
without a written opinion, constitutes a decision on the merits of
the ineffective assistance claim. I disagree.

In *Sandgathe*, the Ninth Circuit held that "'where there has
been one reasoned state judgment rejecting a federal claim, later
unexplained orders upholding that judgment or rejecting the *same
claim* rest upon the same ground.'" *Sandgathe*, 314 F.3d at 377
(emphasis added)(quoting *Ylst v. Nunnemaker,* 501 U.S. 797, 803

(2002)). This holding was premised upon the fact that "because the post-conviction trial court explicitly ruled on the federal constitutional issues and there is no indication that the Court of Appeals did not, [the court] presumes that the subsequent mute affirmance by the Court of Appeals rested on the same grounds as the decision it was affirming." *Sandgathe*, 314 F.3d at 378.

*Sandgathe* does not apply in this case because petitioner did not raise the *same claim* at post-conviction and on appeal. On the contrary, at the state PCR proceeding, petitioner alleged that he was denied a "low" Trique interpreter as the result of ineffective assistance of counsel. Resp. Exh. 107 at 3. In his brief to the Oregon Court of Appeals, however, petitioner alleged it was the result of trial court error. Resp. Exh. 119, Section B, pp. 1-2. To apply *Sandgathe* in this context, would require this court to ignore the federal ground for relief actually presented by petitioner on appeal and, by extension, the requirement of fair presentation. *See Casey*, 386 F.3d at 911. I decline to do so.

Accordingly, petitioner's ground for relief two is procedurally defaulted. Petitioner presents no evidence of cause and prejudice to excuse his procedural default, or that failure to consider the ground will result in a fundamental miscarriage of justice. Thus, habeas corpus relief is precluded. In the

alternative, as set forth below, ground two fails on the merits.

## III. __Ineffective Assistance of Counsel (Grounds Two and Three)__

In Grounds for Relief Two and Three, petitioner alleges that trial counsel rendered ineffective assistance by failing to (1) obtain a "low" Trique interpreter; and (2) present all mitigating evidence at sentencing. Respondent moves the court to deny habeas relief on the basis that the state court's rejection of petitioner's ineffective assistance claims is entitled to deference.

### A.    __Standards__

A petition for writ of habeas corpus filed by a state prisoner shall not be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented." 28 U.S.C. § 2254(d)(1) & (2); *Harrington v. Richter*, 562 U.S. 86, 100 (2011). Petitioner bears the burden of proof. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

A claim of ineffective assistance of counsel, requires the petitioner to prove that counsel's performance was deficient, and that there is a reasonable probability that, but for counsel's

errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Strickland v. Washington*, 466 U.S. 668, 687-88 (1987). If there is a failure of proof on either prong, habeas relief is not warranted. *Murray v. Schriro*, 746 F.3d 418, 457 (9th Cir. 2014).

To prove deficient performance, petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012); *Strickland*, 466 U.S. at 688. In order to establish prejudice, petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Harrington*, 562 U.S. at 112; *Williams,* 529 U.S. at 391. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Williams*, 529 U.S. at 391. In evaluating proof of prejudice, this court considers the totality of the evidence before the jury. *Strickland*, 466 U.S. at 696. "[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Id.*

///

///

///

10 - OPINION AND ORDER

B.    **Analysis**

1.    **Ground Two ("Low" Trique Interpreter)**

Petitioner claims that defense counsel was ineffective because he failed to obtain an interpreter who spoke petitioner's specific dialect of "low" Trique. Petitioner argues that counsel's performance fell below an objective standard of reasonableness because he failed to ensure that petitioner could understand the trial and sentencing proceedings. Respondent moves the court to deny habeas relief on the basis that the PCR court's rejection of this ground is neither contrary to, nor an unreasonable application of *Strickland*. I agree.

After petitioner's arrest, a police officer read petitioner his *Miranda* rights in Spanish. Resp. Exh. 116 at 2-4. The officer, a native Spanish speaker, also translated an interview between police officers and petitioner. *Id.* Later, when ruling on the admissibility of the evidence, the trial court addressed petitioner's ability to understand Spanish as follows:

> Defendant was able to comprehend and respond to the officers' questions, even though the questions were translated in Spanish, rather than Trique. Throughout the tape, Defendant answered the Spanish interpreter's questions quickly, in Spanish, without requiring clarification. The interpreter did not testify that he had trouble understanding Defendant's answers or that he and Defendant had trouble understanding each other.

Resp. Exh. 116 at 3-4. Nevertheless, the trial court provided petitioner a Trique interpreter for trial given the legal jargon

11 - OPINION AND ORDER

and unfamiliar courtroom procedures he would encounter. *Id.* at 4; TR at 79.

At trial, petitioner took the stand and testified that he understands Spanish. TR at 515-22 & 535. Additionally, petitioner's wife testified that petitioner spoke to her and their children entirely in Spanish. *Id.* at 816. Petitioner waived his right to a Trique interpreter at sentencing because "he acknowledged that he understood Spanish." *Id.* at 892. Consequently, the trial judge stated at sentencing that "evidence at [the] pretrial hearings and during this trial has clearly demonstrated that [petitioner is] untruthful when [he] pretended not to understand Spanish and some English." *Id.* at 902-903.

At the state PCR hearing, petitioner testified that he was not able to understand the Trique interpreter provided at trial, and that his attorney ignored his complaints. Resp. Exh. 117 at 12. According to petitioner, he waived his right to a Trique interpreter at sentencing because a jail official informed him that there was no Trique interpreter available, and because he was not feeling well. *Id.* at 12-14.

Petitioner's trial attorney provided an entirely different view of petitioner's ability to comprehend the trial proceedings. In an affidavit presented to the PCR court, Attorney Walter J. Todd

attested that petitioner's claim that he was unable to understand

the trial proceedings is "blatantly false:"

> 2. Petitioner spoke and understood both English and Spanish, and I have to believe that he is speaking with his current attorney in Spanish, as he often did with me and co-counsel David Kuhns.
>
> \* \* \* \* \*
>
> 3. Before I became petitioner's attorney, he was represented by Jeff Jones. Jeff told me that he always conversed with petitioner in Spanish. Jeff moved to withdraw, in part because petitioner had talked with another inmate (Morales) who erroneously claimed that he had won his PCR case by alleging that he spoke only Trique.
>
> \* \* \* \* \*
>
> 5. *We would speak to petitioner in English, our law clerk would interpret it into Spanish, and petitioner would answer the law clerk in Spanish. He didn't even keep up the pretense, by waiting for the Trique interpretation.* My favorite recollection, though is the jail deputy, who expressed her dismay over this circus of interpreters. She spoke to petitioner only in English, and he responded to her with full comprehension.

Resp. Exh. 113 at ¶¶ 1, 3 & 5 (emphasis added).

At the conclusion of the PCR proceeding, the judge found

Attorney Todd credible, and held that petitioner had failed to

prove that trial counsel was inadequate or that petitioner suffered

prejudice. Resp. Exh. 117 at 17. The court explained:

> After pretrial hearing, the Trial Court found that Petitioner spoke Spanish and English well enough for his statements [to the police] to be voluntary. The [trial] court found the Petitioner not truthful that he couldn't

speak Spanish or English. The Trial Court had the opportunity to watch Petitioner interact with the translators and never saw any questions or lack of response. A certified Trique interpreter was appointed for trial. Petitioner waived Trique interpreter for sentencing.

*Id.* at 16-17.

Petitioner has failed to demonstrate that the PCR court's factual findings that he was able to speak and understand both Spanish and English, as attested to by trial counsel, is unreasonable in light of the evidence presented. 28 U.S.C. § 2254(d)(2).[3] Indeed, a review of the record reveals no evidence that would have alerted trial counsel to the fact that petitioner could not comprehend the proceedings. As noted by the PCR court, (1) the trial court observed no misunderstandings between petitioner and the translator at trial; (2) petitioner took the stand and testified without difficulty; and (3) the trial court found petitioner untruthful about his ability to speak Spanish or English.

In sum, petitioner has not demonstrated that counsel's failure to obtain a "low" Trique interpreter fell below an objective standard of reasonableness, or that there is a reasonable

---

[3] Because I find that the post-conviction court's findings are not unreasonable under 28 U.S.C. § 2254(d)(2), I need not address whether the factual findings also are entitled to a presumption of correctness that must be overcome with clear and convincing evidence under § 2254(e)(1). *See Murray v. Schriro*, 745 F.3d 984, 1000-01 (9th Cir. 2014)(declining to resolve the issue); *Burt*, 134 S.Ct. at 14 (same).

probability that had counsel obtained a "low" Trique interpreter, the result of the proceedings would have been different. *See Gonzalez v. U.S.*, 33 F.3d 1047, 1051 (9th Cir. 1994)(counsel's failure to request an interpreter was reasonable where record supported counsel's belief that defendant understood English). Hence, the PCR court's rejection of Ground Two is neither contrary to, nor an unreasonable application of *Strickland*. 28 U.S.C. § 2254(d)(1).

      **2.   Ground Three (Mitigating Evidence at Sentencing)**

     Petitioner contends that trial counsel failed to bring petitioner's family members to testify, and failed to obtain and submit affidavits from family members who could not attend the sentencing hearing. Petitioner argues that the "failure to present mitigating evidence and witnesses at trial was neither a strategic nor reasonable decision." Pet.'s Memo. (ECF No. 30) at 12.

     At the PCR proceeding, Attorney Todd attested to completing a thorough investigation to obtain mitigating evidence:

> 6.    We went to <u>great</u> lengths to obtain mitigation evidence. Every single factor that could be arguably considered "mitigating" was presented at sentencing through the testimony of Dr. Daniel Early and our argument.
>
>                  \*   \*   \*   \*   \*
>
> 8.    Petitioner felt that his family would be helpful to us, as we sought to obtain mitigation evidence. Most of the family members were doing migrant work in California. Because they did not have a telephone or computer, I and our investigator traveled to the little town where they lived. Given

15 - OPINION AND ORDER

the nature of their work, not all of the family members were present during that visit, so co-counsel David Kuhns and our Spanish-speaking law clerk traveled to California on a second trip, when the remaining family members were available to be interviewed. Unfortunately, most of petitioner's family had nothing positive to say about him, and the ones who were somewhat supportive refused to travel to Oregon for the trial. They also declined to provide written statements that might have been considered at sentencing. There was one person who said he would come up, but when the time came he had to work in the fields.

9.   We retained Dan Early and his language expert wife, Julia. They were experts on Trique and Indigenous populations. We hired them to travel to the village in Mexico where petitioner's mother lived. Unfortunately, there was a war underway at the time, and it was not safe for them to make the trip . . . On two occasions, we sat with the Early's and others, trying to connect to the village so that petitioner's mother could be brought to the telephone and interviewed, but on both occasions the telephone number in Mexico was not in service.

Resp. Exh. 113 at ¶¶ 6, 8 & 9.

At the conclusion of the hearing, the PCR court held that trial counsel "went to extreme lengths to find mitigating evidence," and "did all that was possible." Resp. Exh. 117 at 17. Consequently, the PCR court concluded that petitioner failed to demonstrate that counsel was deficient, or that he suffered prejudice. *Id.* at 17 & Resp. Exh. 118 at 2.

"There are no rigid rules for judging attorney performance, but the American Bar Association ("ABA") standards serve as guides for determining what is reasonable under prevailing professional norms." *Mann v. Ryan*, 774 F.3d 1203, 1210 (9th Cir. 2014).

16 - OPINION AND ORDER

Assuming *Strickland* applies in the sentencing context,[4] "the ABA Guidelines provide that investigations into mitigating evidence should comprise efforts to discover *all reasonably available* mitigating evidence and evidence to rebut any aggravating evidence that may be introduced by the prosecutor." *Wiggins v. Smith*, 539 U.S. 510, 524 (2003) (*internal quotations omitted, emphasis added*); *Mann,* 774 F.3d at 1216; *Allen v. Woodford*, 395 F.3d 979, 1001 (9th Cir. 2004).

Petitioner has failed to demonstrate that the PCR court's determination that trial counsel did all that was possible to obtain mitigating evidence is unreasonable in light of the evidence presented. Trial counsel interviewed family members over two trips to California, planned two trips for Dr. Early to interview petitioner's mother in Mexico (cancelled only due to political violence), and the family members interviewed either had nothing positive to say about petitioner or could not travel to Portland to testify.

To the extent that petitioner argues that trial counsel's investigation of his family members was inadequate, petitioner has neither shown what additional investigation trial counsel could

---

[4] "The *Strickland* Court expressly declined to 'consider the role of counsel in an ordinary sentencing.'" *Davis v. Grigas*, 443 F.3d 1155 (9th Cir. 2006) (quoting *Strickland*, 466 U.S. at 686); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1244 (9th Cir. 2005), *cert. denied*, 546 U.S. 944 (2005). Thus, the Supreme Court has yet to decide what standard applies to a claim of ineffective assistance of counsel in noncapital sentencing proceedings.

have done, nor has he identified which family members would have provided mitigating testimony. In the absence of such evidence, petitioner has failed to demonstrate that counsel's investigation was inadequate, or that his decision not to present the testimony of certain family members at sentencing was an unreasonable tactical decision. *See Strickland*, 466 U.S. at 689-91; *Correll v. Ryan*, 539 F.3d 938, 948 (9th Cir. 2008)("reasonable tactical choice based on an adequate inquiry is immune from attack under *Strickland*"); *see also Davis v. Woodford*, 384 F.3d 628, 650 (9th Cir. 2003)(not ineffective assistance where petitioner failed to allege the specific mitigating evidence witnesses would have presented).

The overwhelming evidence at trial demonstrated that petitioner raped, sodomized, and murdered a mentally disabled 67-year-old woman in a group home. According to defense counsel, given the facts of petitioner's crime, he was "happy to have gotten the death penalty off the table." Resp. Exh. 113 at ¶ 10; *see Bonin v. Calderon*, 59 F.3d 815, 823 (9th Cir. 1995)("[W]here the aggravating circumstances are overwhelming, it is particularly difficult to show prejudice at sentencing due to the alleged failure to present mitigating evidence."). For all of these reasons, the PCR court's conclusion that trial counsel was not constitutionally ineffective is neither contrary to, nor an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1).

## CONCLUSION

Based on the foregoing, petitioner's petition for writ of habeas corpus (ECF No. 2) is DENIED, and this proceeding is DISMISSED, with prejudice. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(2).


IT IS SO ORDERED.

DATED this _30_ day of April, 2015.


_Malcolm F Marsh_
Malcolm F. Marsh
United States District Judge


19 - OPINION AND ORDER